IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORGAN ASHBY HARRIS, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4862 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Morgan Ashby Harris, Jr. (former TDCJ #1458904, former BOP #89976-079), also known as Morgan Allen Harris, has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge the calculation of his state court prison sentence. Harris has also submitted a memorandum of law with his petition. After reviewing the pleadings as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.  BACKGROUND

On September 18, 1996, a jury in the 2nd District Court of Cherokee County, Texas, found Harris guilty of "unauthorized use of a motor vehicle" in cause number 12622. As a result, Harris was sentenced to serve ten years' imprisonment. Harris was released on bond while his appeal was pending. His conviction was affirmed on direct appeal and became

final in 1999. *See Harris v. State*, 986 S.W.2d 619 (Tex. App. — Tyler 1997, pet. ref'd), *cert. denied*, 525 U.S. 1178 (1999).

After Harris had exhausted his appellate remedies, state officials issued a warrant for his arrest on March 22, 1999. Sometime thereafter, Harris was arrested by federal authorities and charged with an unrelated offense. On April 26, 2001, Harris entered a guilty plea to count one of an indictment charging him with possession with intent to distribute approximately 1 kilogram of cocaine. *See United States v. Harris*, Crim. No. C-01-0027 (S.D. Tex. — Corpus Christi). Harris received a sentence of 92 months in federal prison in that case. Harris was released from federal prison on September 27, 2007, and promptly taken into custody by the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") pursuant to a hold or detainer by state parole officials that was reportedly lodged on December 18, 2001.[1]

Harris acknowledges in his pleadings that, at the time he was convicted of unlawful use of a motor vehicle in Cherokee County cause number 12622, he was on parole from TDCJ as the result of prior convictions for robbery in Jefferson County cause number 49187 and two counts of theft in Harris County cause numbers 587240 and 648460. Harris does not challenge any of his underlying convictions here. Instead, Harris complains that his sentence was calculated incorrectly upon his return to TDCJ on September 27, 2007. Harris maintains that prison officials failed to correctly calculate all of his credit for time served.

---

[1] Records provided by Harris show that a detainer was placed by the TDCJ Parole Division on December 18, 2001, but was removed on July 23, 2003. A new detainer was placed with regard to Harris's conviction from Cherokee County on September 7, 2007.

Harris argues that, because prison officials failed to calculate all of his sentences correctly, TDCJ's Parole Division erred when determining the date of his projected release on the form of parole known as mandatory supervision.[2]

Records provided by Harris show that he raised the same claims in a state court habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. During that proceeding, parole officials agreed to recalculate Harris's time credits for purposes of discharging his sentences and determining a new projected release date for mandatory supervision. On December 9, 2009, the Texas Court of Criminal Appeals found that Harris received all of the time credit that he was entitled to and dismissed his habeas petition as moot. *Ex parte Harris*, No. 28,759-04 (Tex. Crim. App. Dec. 9, 2009). Because Harris was released from TDCJ onto mandatory supervision before he filed this federal habeas corpus proceeding, his pending petition also must be dismissed for reasons that follow.

## II.     DISCUSSION

---

[2] There are two ways in which a Texas inmate becomes eligible for early release from imprisonment. The first is by "parole" and the second is by "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263, n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004)).

In this federal habeas corpus proceeding, Harris challenges only the failure of state prison officials to calculate his sentence correctly for the purpose of determining the date of his projected release on mandatory supervision. Harris was granted relief on this claim in state court. Because Harris has been released from prison onto mandatory supervision, his petition is moot.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

Under the federal habeas corpus statute 28 U.S.C. § 2254(a), petitions filed while the petitioner is still in physical custody continue in force after the petitioner is released on parole. *See Mabry v. Johnson*, 467 U.S. 504, 507 n.3 (1984); *Jones v. Cunningham*, 371 U.S. 236, 239 (1963). Because Harris filed the pending habeas corpus petition while he was on mandatory supervision, his release from prison does not, standing alone, cause the petition to become moot. In that regard, the issue of whether Harris is "in custody" for purposes of federal habeas corpus review is separate from the question of whether a case or controversy exists under Article III. *See Port v. Heard*, 764 F.2d 423, 426 (5th Cir. 1985) (explaining

4

that the "in custody" requirement is "analytically distinct" from the case-or-controversy requirement found in Article III).

A challenge to the validity of a conviction satisfies the Article III case-or-controversy requirement because the incarceration, or the restrictions imposed by the terms of parole, constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. *See Spencer*, 523 U.S. at 7; *see also Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Sibron v. New York*, 392 U.S. 40, 55 (1968). By contrast, where a petitioner challenges only the administration of his sentence, and not his conviction, there is no presumption that collateral consequences exist for the purpose of creating an actionable case or controversy once he has been released. *See Lane v. Williams*, 455 U.S. 624 (1982). In other words, when a petitioner does not attack his conviction, continuing collateral consequences required to demonstrate a concrete injury are not presumed and, therefore, must be proven. *See Spencer*, 523 U.S. at 14; *Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir. 1998).

As noted above, Harris does not challenge the validity of his underlying convictions. Rather, he complains only that prison officials erred in the administration of his sentence with regard to his eligibility for release on parole or mandatory supervision. Because Harris has been released on parole, he cannot show that an actionable controversy continues in this case. In other words, there is no longer anything for this Court to remedy. Absent a case or controversy, this Court lacks jurisdiction to consider Harris's claims. Therefore, his petition must be dismissed as moot.

## III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

6

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, the petitioner is not entitled to a certificate of appealability under the governing standard found in § 2253.

## IV.   CONCLUSION AND ORDER

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by the petitioner are clearly without merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  March 30, 2011.

Nancy F. Atlas
United States District Judge